(88 Misc. Rep. 65)

MARCH v. HYMAN.

(Supreme Court, Appellate Term, First Department. December 17, 1914.)

SALES (§ 348*)—ACTION FOR PRICE—RIGHT TO RECOVER.

Plaintiff, doing business under a corporate name, having no connection with another corporation of a similar name, who sold goods to defendant to a certain amount and allowed him certain credits, could recover the balance, without any credit to the buyer for an amount claimed to be owed him by the other corporation.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 973–986; Dec. Dig. § 348.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Edward L. March against Henry Hyman. From a judgment for plaintiff, after a trial before the court without a jury, plaintiff appeals. Modified and affirmed.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Wilber, Norman & Kahn, of New York City (Samuel J. Reid, of New York City, of counsel), for appellant.

Schlesinger & Lazaroe, of New York City (Jacob J. Lazaroe, of New York City, of counsel), for respondent.

WHITAKER, J. This is an action to recover the sum of $214.95 for goods sold and delivered. Plaintiff resides in Detroit, and was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

doing business under the name of the Detroit Stamping Company. The goods were sold between November 4, 1911, and the 17th day of February, 1912, to the defendant, who is a resident of New York City.

The plaintiff was examined by a commission, and testified that between September 9, 1911, and April, 1912, he was manufacturing caps for gas mantles, and during that period was doing business under the name of "Detroit Stamp Company"; that his business had no connection with the Detroit Stamping Company, a Michigan corporation, which corporation did no business after September 9, 1911, at which time he bought all its assets, but did not assume its liabilities. The testimony showed that plaintiff had no interest in that corporation, directly or indirectly; that between November 4, 1911, and February 17, 1912, he sold and delivered goods to the defendant amounting to $301.10; that defendant was entitled to, and that plaintiff allowed him, credits aggregating $86.15; that later he received a check from defendant for the sum of $18.44, upon the back of which check was shown the amount of the invoice of goods sold to defendant, to wit, $301.10, and the credit above mentioned; that the statement on the back of the check also showed a deduction, which the defendant had made of $198.51, which sum the defendant claimed the Detroit Stamping Company, the corporation above mentioned, owed him; that plaintiff never cashed this check, but turned it over to his attorneys. The evidence shows that this check finally came back to defendant.

The testimony of two witnesses, taken by commission, who were interested in the Detroit Stamping Company, the corporation above mentioned, shows that plaintiff had no interest in the corporation. Samuel J. Reid, a member of the New York bar, testified that the defendant, with his attorney, called at his (Reid's) office on October 23, 1912, and admitted receiving the merchandise from plaintiff, as alleged in the complaint, and that the account was correct; that defendant exhibited the check, which defendant had sent with the account on the back, which check was described in the plaintiff's testimony; that the defendant stated that the Detroit Stamping Company owed him $196.-51; and that defendant would be willing to pay plaintiff's claim if he would deduct the $196.51. He also showed the witnesses a check for $18.44, which was the amount of plaintiff's claim after deducting the $196.51. The defendant told the witness that he had sent this check to plaintiff, who refused to accept it and had returned it to defendant. There are letters in evidence corroborating plaintiff's claim. Defendant was not sworn as a witness, and was not in attendance at the trial, although he was subpoenaed by plaintiff. The defendant's attorney refused to produce the check referred to, which is said to have the account stated on the back of it, and the evidence shows that it was either in his or his client's possession. Notice to produce was served upon defendant's attorney. The defendant called no witnesses.

I am of the opinion that the plaintiff made out a clear case, even without the testimony of Mr. Reid, the attorney. None of the witnesses was either impeached or contradicted; neither was their credibility in any way shaken.

Judgment of the municipal court should be increased to the sum of $214.95, with interest, and with appropriate costs in the court below, and, as modified, affirmed, with costs of this appeal.   All concur.